901 F.2d 1479
 WESTBOROUGH MALL, INC., a Corp., George Staples, Jr.,
individually, and as sole general partner of
Westborough Mall Associates, a Missouri
Limited Partnership, Appellants,
v.
CITY OF CAPE GIRARDEAU, MISSOURI, a Municipal Corporation;
Paul W. Stehr, Oliver A. Hope, Robert K. Herbst,
Howard C. Tooke, Samuel L. Gill, Gail L.
Woodfin, W.G. Lawley, Appellees.
 No. 89-1766.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 12, 1990.
Decided May 1, 1990.
 
 Robert H. Freilich, Kansas City, Mo., for appellants.
 Stephen E. Strom, Cape Girardeau, Mo., for appellees.
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Westborough Mall, Inc., a corporation, George Staples, Jr., and Westborough Mall Associates, a Missouri limited partnership, (Westborough) appeal from a judgment in favor of the City of Cape Girardeau, the city council, and the city manager (the City) in Westborough's 42 U.S.C. Sec. 1983 action. 710 F.Supp. 1278. Westborough claims the City deprived Westborough of property rights without due process.
 
 
 2
 This case is before the court for a third time. In the first appeal, we reversed a grant of summary judgment in favor of the City and the West Park Mall developers and remanded the case for trial. Westborough Mall v. City of Cape Girardeau, 693 F.2d 733 (8th Cir.1982), cert. denied, 461 U.S. 945, 103 S.Ct. 2122, 77 L.Ed.2d 1303 (1983) (Westborough I ). We later reversed judgment based on a jury verdict for the City and the West Park Mall developers because the jury instructions were in error. Westborough Mall v. City of Cape Girardeau, 794 F.2d 330 (8th Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 688 (1987) (Westborough II ). On remand, the West Park Mall developers were dismissed, and by consent of the remaining parties, the case was tried to the court without a jury. Concluding the City was not liable for the conduct of its city manager, the court once more entered judgment for the City.
 
 
 3
 The underlying facts are contained in Westborough I, 693 F.2d at 736-40, and Westborough II, 794 F.2d at 332-35. Briefly, Westborough planned to develop a shopping mall in Cape Girardeau and obtained a long-term lease on land for the development. The city council enacted an ordinance rezoning the property to allow the construction of the shopping mall. The ordinance specifically exempted the property from the provisions of another ordinance that would have caused the zoning to revert to the classification previously held if the mall were not constructed within three years. Westborough spent over one million dollars in surveys, drainage systems, and other surface improvements. Several small stores expressed interest in the mall, but Westborough did not secure a commitment from any large store to be an anchor tenant.
 
 
 4
 At the same time, a different partnership was pursuing plans to develop West Park Mall less than a mile from the Westborough site. The partnership obtained a zoning classification from the city council permitting the partnership to proceed with its plans. Westborough's developer filed suit in state court challenging the rezoning of the West Park site. The city manager announced the next day that the Westborough site's zoning had reverted because the mall was not constructed. The city manager also instructed the city engineer to change the City's master zoning map to show a reversion to the original zoning. The city council received a report from the city manager advising the council that the zoning classification had reverted. The city manager also informed Westborough's financier the zoning had reverted and sent the financier copies of the official zoning map reflecting the reversion. Westborough bases its claim against the City on these actions.
 
 
 5
 Relying in large part on City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), the district court decided the city manager's actions did not constitute the official policy of the City because policymaking authority for zoning rests with the city council. The court found the council did not authorize, ratify, or approve the city manager's actions, nor did the council delegate its policymaking authority to the city manager. The court concluded the City had done no more than employ an individual who made an erroneous discretionary decision and section 1983 liability did not attach to discretionary actions by City employees or agents. The district court thus entered judgment for the City.
 
 
 6
 Because the district court held the City was not liable for the city manager's actions, the court found it unnecessary to address whether his actions damaged Westborough and, if so, the amount of damages. Although we have not been asked to resolve the issue of damages on appeal, for the present we choose to reserve judgment on the district court's liability determination until the question of damages is decided. This case has been in the courts for eleven years. We do not believe our decision on the issue of the City's liability for the city manager's actions will terminate the litigation, and we anticipate another journey to the Supreme Court seeking certiorari. Should the ultimate result of the appellate process be a reversal of the district court's judgment, a remand to decide the damages issue will be required. We believe this matter can be resolved most efficiently and economically by disposing of the damages issue now. We will retain jurisdiction of this appeal, contingent on at least one of the parties' application to this court within the time normally allowed for notice of appeal following the district court's decision on the issue of damages.
 
 
 7
 Accordingly, we remand to the district court for further proceedings to decide whether and to what extent Westborough suffered damages as a result of the city manager's actions.